**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
IN RE: KIMBERLY BUDD,          )
                               )
       DEBTOR.                 )
-------------------------------)
                               )
AIHUA PALMOUR,                 )
                               )
       Appellant,              )
                               )
    v.                         ) Civil Action No. 18-270 (EGS)
                               )
KIMBERLY BUDD,                 )
                               )
       Appellee.               )
_____)
```

## **MEMORANDUM OPINION AND ORDER**

In November 2016, Appellant Aihua Palmour initiated an adversary proceeding against Debtor-Appellee Kimberly Budd in the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court"). After a trial, the Bankruptcy Court dismissed Ms. Palmour's complaint. Months later, the Bankruptcy Court also denied Ms. Palmour's motion for reconsideration. On February 5, 2018, Ms. Palmour, proceeding *pro se*, appealed the Bankruptcy Court's dismissal to this Court. Pending before the Court is Ms. Budd's motion to dismiss Ms. Palmour's appeal. After considering the motion, the response and reply thereto, the record, and the applicable law, the Court hereby **GRANTS** the motion to dismiss.

## I. Background

In May 2012, Ms. Palmour sued Ms. Budd in the Superior Court of the District of Columbia for breach of contract arising out of a purportedly fraudulent real estate transaction. A.R., ECF No. 2-1 at 79-80.[1] In May 2013, Superior Court Judge Michael Rankin entered a $63,788 judgment against Ms. Budd. *Id.* at 78. Before Ms. Palmour could collect, Ms. Budd filed for bankruptcy and listed Ms. Palmour's judgment as a dischargeable, consumer debt. *See In re Budd*, Bankruptcy Case No. 16-429-SMT. In response, Ms. Palmour initiated an adversary proceeding in Bankruptcy Court on November 25, 2016. *See Palmour v. Budd,* Adversary Proceeding No. 16-10039-SMT. In her complaint, Ms. Palmour argued that her $63,788 judgment against Ms. Budd was not discharged by Ms. Budd's bankruptcy because Ms. Budd had willfully and maliciously injured her property via a fraudulent real estate investment scheme. *See* A.R., ECF No. 2-1 at 1-5 (citing 11 U.S.C. § 523(a)(2),(6)).

After a trial, the Bankruptcy Court dismissed Ms. Palmour's complaint on August 3, 2017. *See id.* at 203. On August 16, 2017, Ms. Palmour filed a motion for reconsideration, then proceeding *pro se*. *See id.* at 207-15. On December 29, 2017, the Bankruptcy

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Court denied Ms. Palmour's motion for reconsideration, *id.* at 239-64, but its order was not entered on the docket until January 3, 2018, *see* Docket No. 25, Adversary Proceeding No. 16-10039. On February 2, 2018, Ms. Palmour filed a notice of appeal. *See* ECF No. 1; A.R., ECF No. 2-1 at 265-66; Docket No. 27, Adversary Proceeding, 16-10039.

In response, Ms. Budd filed a motion to dismiss Ms. Palmour's appeal. *See* Appellee's Mot., ECF No. 4. The motion is now ripe for review.

## II. Analysis

Ms. Budd argues that the appeal must be dismissed because Ms. Palmour failed to file a notice of appeal within fourteen days of the Bankruptcy Court's order denying her motion for reconsideration, as required by Federal Rule of Bankruptcy Procedure 8002. *See* Appellee's Mot., ECF No. 4. Accordingly, Ms. Budd argues that this Court lacks jurisdiction over Ms. Palmour's appeal because failure to file a notice of appeal within the fourteen days is a "jurisdictional barrier." *Id.* at 4. In her response, Ms. Palmour argues that she never received notice of the Bankruptcy Court's order denying her motion for reconsideration. *See* Appellant's Opp'n, ECF No. 5. She contends that she filed a notice of appeal only two days after she called the clerk's office and learned that the Bankruptcy Court had denied her motion. *See id.* at 1. Because her failure to timely

3

appeal "was due to the court's error," she argues that this Court should consider her appeal. *Id.*

28 U.S.C. § 158(a) confers jurisdiction on federal district courts to hear appeals from final judgments, orders, and decrees "entered in cases and proceedings referred to the bankruptcy judges." Section 158(c)(2) provides that appeals "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." Federal Rule of Bankruptcy Procedure 8002(a) mandates that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed."

Appellants may toll the Rule 8002 appeal deadline by filing one of four motions within fourteen days after the judgment is entered: (1) a motion to amend pursuant to Bankruptcy Rule 7052; (2) a motion to alter or amend the judgment under Bankruptcy Rule 9023; (3) a motion for a new trial under Bankruptcy Rule 9023; or, as applicable here, (4) a motion for relief under Bankruptcy Rule 9024—that is, Federal Rule of Civil Procedure 60(b). Fed. R. Bankr. P. 8002(b). If the appellant files one of these motions, as Ms. Palmour did when she filed her motion for reconsideration, "the time to file an appeal runs for all parties from the entry of the order disposing of the . . . motion." *Id.* Thus, Ms. Palmour had fourteen days to appeal the

Bankruptcy Court's judgment once it denied her motion for reconsideration.

Finally, "the Bankruptcy Court may extend the time to file a notice of appeal upon a party's motion." Fed. R. Bankr. P. 8002(d)(1).[2] The Bankruptcy Court may extend the fourteen-day deadline if the appellant's motion is filed "within the time prescribed by this rule; or within 21 days after that time, if the party shows excusable neglect." *Id.*

It is undisputed that Ms. Palmour did not file her notice of appeal within fourteen days of the Bankruptcy Court's January 3, 2018 order denying her motion for reconsideration, as required by Bankruptcy Rule 8002(a). *See* Appellant's Opp'n, ECF No. 5; *see also* Docket, Adversary Proceeding No. 16-10039 (notice of appeal filed on February 2, 2018). It is also undisputed that Ms. Palmour did not file a motion for an extension of time within fourteen days of the Bankruptcy Court's January 3, 2018 order, or within twenty-one days after that time, as required by Bankruptcy Rule 8002(d). *See id.* At issue, then, is whether this Court may consider Ms. Palmour's appeal notwithstanding her undisputed failure to adhere to Rule 8002.

---

[2] A Bankruptcy Court may not extend the time to file a notice of appeal for certain judgments or orders inapplicable here. *See* Fed. R. Bankr. P. 8002(d)(2).

Ms. Budd argues that the Court lacks jurisdiction over Ms. Palmour's appeal because Rule 8002 is "mandatory and jurisdictional" and thus, the Court may not consider whether Ms. Palmour received notice of the Bankruptcy Court's order denying her motion for reconsideration. Appellee's Reply, ECF No. 6 at 2. Ms. Palmour does not respond to this argument, beyond asserting her lack of notice. *See* Appellant's Opp'n, ECF No. 5.

Failure to comply with a jurisdictional time prescription "deprives a court of adjudicatory authority over the case, necessitating dismissal." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)(citations omitted). Because Congress alone "may determine a lower federal court's subject-matter jurisdiction," *id.*, a "time prescription governing the transfer of adjudicatory authority from one Article III court to another" is jurisdictional only if it "appears in a statute," *id.* at 20 (quotations and citations omitted). On the other hand, a "time limit not prescribed by Congress ranks as a mandatory claim-processing rule." *Id.* at 17. Of course, 28 U.S.C. § 158, which references Bankruptcy Rule 8002, does not govern appeals from Article III courts. Instead, it governs the transfer of adjudicatory authority from an Article I court (the bankruptcy court) to either an Article III court (the district court) or another Article I court (the bankruptcy appellate panel). "In cases not involving the time bound transfer of adjudicatory

6

authority from one Article III court to another," the Supreme Court has applied the "clear-statement rule." *Hamer*, 138 S. Ct. at 20 n.9. The clear-statement rule provides that "'[a] rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.'" *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)(citations omitted)).

In the wake of *Hamer*, several courts have concluded that the time limitation in Bankruptcy Rule 8002 is jurisdictional because the deadline is imposed by 28 U.S.C. § 158(c)(2), which contains a clear statement of congressional intent. *See, e.g.*, *In re Jackson*, 585 B.R. 410, 416-19 (B.A.P. 6th Cir. 2018) ("Every circuit court that has considered this question has come to the conclusion that the time limit for appeals from bankruptcy court decisions is statutory."). However, the Court need not determine at this time whether the time limit in Rule 8002 is jurisdictional. Assuming the appeal deadline is not jurisdictional, it is instead a mandatory claim-processing rule. *See Hamer*, 138 S.Ct. at 17-18. As such, the Court must still enforce the time limit, as it was properly invoked. *See id.* ("if properly invoked, mandatory claim-processing rules must be enforced"). Indeed, "claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Eberhart v. United*

*States,* 546 U.S. 12, 19 (2005) (*per curiam*). Therefore, because Ms. Budd properly invoked Rule 8002, the Court must enforce it here. *See Miller v. District of Columbia*, 891 F. Supp. 2d 8, 11 n.4 (D.D.C. 2012)("The Court need not reach the District's contention that Rule 8002 is jurisdictional in nature. Even if considered a claim-processing rule, the requirements of Rule 8002 are unalterable in light of the District's timely objection.")(citing *cf. Youkelsone v. Fed. Deposit Ins. Corp.,* 660 F.3d 473, 476 (D.C. Cir. 2011)).

Ms. Palmour contends that the Court should forgive her late appeal because the Bankruptcy Court erred in not notifying her that it had denied her motion for reconsideration, which commenced the running of the Rule 8002 clock. Appellant's Opp'n, ECF No. 5 at 1. Unfortunately, it does indeed appear undisputed that Ms. Palmour did not receive notice of the Bankruptcy Court's order. The "certificate of notice" entered by the clerk states that notice by mail was sent *only* to Ms. Budd and the U.S. Trustee and notice by email was sent *only* to Ms. Budd's attorney. Docket No. 26, Adversary Proceeding 16-10039. Thus, due to court error, Ms. Palmour did not receive notice that the Bankruptcy Court had denied her motion for reconsideration. However, this Court may not excuse her untimely appeal.

In cases where an appellant can demonstrate excusable neglect, as Ms. Palmour probably could have, Rule 8002(d)(1)

requires the appellant to file a motion for an extension of time within thirty-five days of the Bankruptcy Court's order. *See* Fed. R. Bankr. P. 8002(d)(1) (comprised of the 14 days for filing an appeal pursuant to Rule 8002(a)(1) plus the 21 days thereafter for filing a motion to enlarge time based on excusable neglect). Ms. Palmour learned about the Bankruptcy Court's order denying her motion for reconsideration within this thirty-five day window. *See* Appellant's Opp'n, ECF No. 5 at 1 (stating that Ms. Palmour learned about the Bankruptcy Court's January 3, 2018 denial on January 31, 2018). However, Ms. Palmour did not file a motion for an extension of time to file a notice of appeal. *See* Docket, Adversary Proceeding 16-10039. Rule 8002 "'does not allow a party to claim excusable neglect after the time period has expired.'" *In re Allen*, Case No. 16-23, 2018 WL 1940142 at *3 (Bankr. D.D.C. April 20, 2018) (alterations omitted)(quoting *In re Caterbone*, 640 F.3d 108, 114 (3d Cir. 2011))(citing *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992) (finding that the district court lacked jurisdiction to consider the merits of an appellant's untimely appeal where the appellant had failed to file a motion for extension of time); *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412–13 (6th Cir. 1982) (ruling that the district court erred in considering the issue of excusable neglect when no motion for an extension of time on that basis was filed in the bankruptcy court)).

9

Therefore, the Court may not consider whether Ms. Palmour's failure to timely appeal may be excused.[3]

Although Bankruptcy Rule 9022 states that "immediately on the entry of a judgment or order the clerk shall serve a notice of entry . . . on the contesting parties," it also mandates that "lack of notice of the entry *does not affect the time to appeal* or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. P. 9022(a)(emphasis added). Thus, "[n]otification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal." *In re Hilliard*, 36 B.R. 80, 83 (S.D.N.Y. 1984) (quotations omitted). "Litigants have only to check the court's electronic docket once a month in order to protect their interests; this step will ensure that, even if notice miscarries, a request for additional time can be made within the 35 days allowed by Rule 8002(d)(1)." *Netzer v. Office of Lawyer Regulation*, 851 F.3d 647,649 (7th Cir. 2017)(finding that "courts lack an 'equitable' power to contradict the

---

[3] Moreover, the Court may not treat Ms. Palmour's untimely appeal as a motion to extend the time to appeal because Rule 8002(d) provides that only the Bankruptcy Court may extend the time to appeal. Fed. R. Bankr. P. 8002(d); *see also Netzer v. Office of Lawyer Regulation*, 851 F.3d 647,649 (7th Cir. 2017)("even if he had [filed a motion for extension] in time, still the power to decide [the motion] would have belonged to the bankruptcy judge, not to the district judge or the court of appeals").

bankruptcy statutes and rules")(citing *Law v. Siegel*, 571 U.S. 415, 421 (2014)).

Notwithstanding the clerk's regrettable error in not sending notice to Ms. Palmour, the Court must grant Ms. Budd's motion to dismiss Ms. Palmour's appeal.

### III. Conclusion and Order

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Ms. Budd's motion to dismiss Ms. Palmour's appeal is **GRANTED**. Ms. Palmour's case is closed. This is a final, appealable Order.

**SO ORDERED.**

**Signed:**     **Emmet G. Sullivan**
              **United States District Judge**
              **September 4, 2018**